**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDITH SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:23-cv-02261 |
| | ) | Judge Mary M. Rowland |
| ACSWISS, INC. d/b/a CHECKERS | ) | Magistrate Judge  Gabriel A. Fuentes |
| RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S RETALIATION CLAIMS**

Defendant, ACSWISS, Inc., respectfully requests that the retaliation claims be dismissed because they are based only upon an allegation that Plaintiff's employer did not "conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination." Because that claim does not plausibly allege a Title VII retaliation theory or a common law retaliatory discharge theory, the claims should be dismissed.

1.      This is an action by a former employee, alleging that she was sexually harassed.

2.      In addition, Plaintiff claims that in "response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination" and "[b]y virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination." There are no other allegations of retaliatory conduct and there are no allegations of any harm to Plaintiff allegedly caused by an inadequate investigation.

3.      Count II of Plaintiff's Complaint specifically seeks relief under Title VII. (*Id*. at ¶38) In addition, Plaintiff's Complaint states "this lawsuit also arises under the common law

claim of retaliatory discharge to correct unlawful employment practices…"

4.      Defendant asks this Court to dismiss the retaliation claims because Plaintiff has not alleged facts suggesting a plausible retaliation theory. *E.g. Rosa v. Bd. of Trustees of the Univ. of Illinois*, No. 18-cv-8477, 2020 U.S. Dist. LEXIS 233266 *13 (N.D. Ill. Dec. 11, 2020). (dismissing retaliation claim because inadequate investigation was not a "materially adverse action on which a Title VII retaliation claim may rest").

5.      In further support of its Motion, Defendant herewith submits its Memorandum of Law.

WHEREFORE, ACSWISS, Inc., d/b/a Checkers Restaurant, respectfully requests that this Honorable Court dismiss Count II of the Complaint as well as Plaintiff's common law retaliatory discharge claim, and that the Court grant such further and additional relief as the Court deems just and proper.

Dated:  June 12, 2023

ACSWISS, INC., d/b/a CHECKERS RESTAURANT

By:   /s/Jeffrey S. Fowler
          One of Its Attorneys

Jeffrey S. Fowler (6205689)
Samantha K. Buddig (6338770)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
jfowler@lanermuchin.com
sbuddig@lanermuchin.com

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Fowler, an attorney, hereby certifies that on June 12, 2023, I caused a copy

of the foregoing **Motion** in the above-captioned matter to be filed with the Clerk of the District

Court and served on the parties of record, including those listed below, by operation of the

Court's CM/ECF electronic filing system, addressed to:

> Alexander J. Taylor
> Sulaiman Law Group Ltd.
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> (331) 272-1942
> ataylor@sulaimanlaw.com

/s/ Jeffrey S. Fowler
Jeffrey S. Fowler